UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 12-138

SONNY ALLEN                                  SECTION "R" (1)

## ORDER AND REASONS

The Court has received defendant Sonny Allen's motion for compassionate release.[1] The government opposes the motion.[2]

Allen was charged with conspiring to distribute cocaine base and distribution of cocaine base.[3] A jury found Allen guilty of the conspiracy and of distributing cocaine base.[4] On August 12, 2015, Allen was sentenced to 240 months' imprisonment.[5] Allen is imprisoned at FCI Oakdale I, and his expected release date is June 20, 2030.[6]

---

[1]  R. Doc. 557.
[2]  R. Doc. 559.
[3]  *See* R. Doc. 224.
[4]  *See* R. Doc. 219.
[5]  *See* R. Doc. 408 at 2.
[6]  *See Inmate Locator, Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited June 9, 2020).

Allen now moves for a compassionate release, seemingly in light of the COVID-19 pandemic.[7] Specifically, he contends that it is his "job to clean coronavirus (COVID-19) hotspots such as (1) communal showers, telephones and computers, used by quarantined and non-quarantined inmates."[8] But he notes that "[t]he old Sonny Allen would have been very afraid but the new Sonny Allen has a lot more to accomplish."[9] Defendant further argues that he is a non-violent offender, has obtained his GED, and will have employment upon release.[10]

The Court does not find compassionate release appropriate in these circumstances. First, defendant does not appear to have exhausted his administrative remedies with the BOP. The government notes that "the Oakdale Case Management Coordinator has confirmed that Allen has not filed a request for Compassionate Release-Reduction in sentence with the Warden; and Allen's motion . . . does not suggest otherwise."[11] But the Compassionate Release Statute reads:

> The Court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully

---

[7]  R. Doc. 557.
[8]  *See id.* at 1.
[9]  *Id.* at 2.
[10] *See id.* at 1-2.
[11] R. Doc. 559 at 2.

2

> exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c); *see also United States v. Fisher*, No. 118CR00118MRWCM1, 2020 WL 2411796, at *2 (W.D.N.C. May 12, 2020) (collecting cases standing for the proposition that many "courts . . . continue[] to require the full exhaustion of administrative remedies before considering motions for compassionate release related to the COVID-19 pandemic"). Indeed, the only two circuit courts that have considered this matter to date have held that a defendant must exhaust their administrative remedies with the BOP before a Court may consider a motion for compassionate release. *See United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *2-3 (6th Cir. June 2, 2020) (holding that administrative exhaustion under the compassionate release statute is a mandatory claim-processing rule); *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (holding that failure to exhaust "presents a glaring roadblock foreclosing compassionate release"). Allen's failure to exhaust his administrative remedies through the BOP is therefore fatal to his motion.

Moreover, Allen has not shown that he satisfies the other requirements for compassionate release. For instance, a reduction must be "consistent

3

with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The application notes to the relevant policy statement identify three discrete "extraordinary and compelling reasons" that could warrant a reduction: a "terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) "[a]ge"—starting at age 65; and (c) "[f]amily [c]ircumstances." *See* U.S.S.G. § 1B1.13, application note 1 (emphasis removed). The Guidelines also identify a category of "[o]ther [r]easons," but state that such reasons are "[a]s determined by the Director of the Bureau of Prisons." *See id.* § 1B1.13, application note 1(D) (emphasis removed).

Here, defendant does not identify how he fits into any of these Guidelines categories. Indeed, defendant is thirty-seven years old and cites no health condition or family circumstances. Moreover, Allen seems to deny even a generalized fear of contracting the virus.[12] As such, Allen has not demonstrated that he would be eligible for compassionate release, even had he exhausted his administrative remedies.

Finally, although defendant expressly moves for compassionate release, he states that he is "writing this letter in hopes that it is *not* construed

---

[12] R. Doc. 557 at 2.

4

as a motion 3582(c)(1)(A)."[13] But Allen cites to no other authority that would allow the Court to reduce his sentence. "A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(c)). And outside the Compassionate Release Statute, the Court has identified no other grounds for releasing Allen early. For example, the Court has already considered and denied Allen's motion for a sentence reduction under the provisions of the First Step Act of 2018 addressing mandatory minimum sentences.[14]

Moreover, insofar as Allen asks the Court to designate him for home confinement, the Court cannot order that relief. Rather, the decision to order home confinement rests solely with the Bureau of Prisons. *See* 18 U.S.C. § 3621(b) (providing that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment" and that "a designation of a place of imprisonment . . . is not reviewable by any court"); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("[M]any cases have addressed the authority of a judge to specify the place of incarceration[,]" and "[t]hese cases hold that

---

[13]  R. Doc. 577 at 1 (emphasis added).
[14]  R. Doc. 550.

a court may recommend that a sentence . . . be served in a particular prison or jail, but that only the Bureau of Prisons has the actual authority to designate the place of incarceration.").

Similarly, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020), provides that "the *Director of the Bureau [of Prisons]* may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code." *See id.* § 12003(b)(2) (emphasis added); 18 U.S.C. § 3624(c)(1)-(2) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry," including "home confinement"). Numerous courts have therefore found that a court lacks jurisdiction to order home confinement under the CARES Act. *See, e.g.*, *United States v. Mabe*, No. 3:15-CR-133, 2020 U.S. Dist. LEXIS 66269, at *1 (E.D. Tenn. Apr. 15, 2020) ("This Court . . . does not have power to grant relief under Section 12003 of the CARES Act.").

Likewise, Allen has not shown any authority that would allow the Court to grant him a furlough. The relevant statute states that, if certain conditions

6

are met, "[t]he Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period." *See* 18 U.S.C. § 3622. The plain text of the statute, therefore, identifies furlough as a decision for the BOP, not the Court.

Because Allen has not exhausted his administrative remedies or identified any other basis for his release, the Court must deny his motion.

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this __10th__ day of June, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE