UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-138 |
| SONNY ALLEN | SECTION "R" (1) |

### ORDER AND REASONS

Sonny Allen moves *pro se* for compassionate release.[1] The Government opposes the motion.[2] Because Allen has not shown that he meets the requirements for compassionate release, the Court denies the motion.

### I.  BACKGROUND

On November 6, 2014, a jury found Sonny Allen guilty as to five counts of a redacted superseding indictment.[3] These charges included one count of conspiracy to distribute and to possess with the intent to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. § 846,[4] and four

---

[1]   R. Doc. 562.
[2]   R. Doc. 564.
[3]   R. Doc. 219.
[4]   R. Doc. 224 at 1-2 (Count 1).

counts for distributing a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1).[5] The jury found Allen not guilty[6] as to Count of 2 of the redacted superseding indictment, which alleged that defendant conspired to possess firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(o).[7] According to defendant's presentence investigation report ("PSR"),[8] which the Court adopted at sentencing,[9] Allen and several co-defendants operated a joint enterprise selling cocaine base on Simon Bolivar Avenue in New Orleans, Louisiana.[10]

On August 12, 2015, the Court sentenced Allen to 240 months imprisonment, to be followed by ten years of supervised release.[11] Allen is incarcerated at Oakdale I FCI in Louisiana.[12] He has a projected release date of July 31, 2030.[13]

---

[5] *Id.* at 6-7 (Counts 11, 12, 13, 14).
[6] R. Doc. 219.
[7] R. Doc. 224 at 2.
[8] R. Doc. 350.
[9] R. Doc. 409 at 1. The Court adopted the PSR without making any changes to the factual findings it contained. *Id.*
[10] R. Doc. 350 at 13, ¶ 64.
[11] R. Doc. 408 at 1, 3. The term of supervised release consists of 10 years as to Count 1, and 6 years as to Counts 11, 12, 13, and 14, with all terms to be served concurrently. *Id.* at 3.
[12] See Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited May 20, 2021).
[13] *Id.*

## II. DISCUSSION

### A. Exhaustion

Before a federal court will assess the merits of a motion for compassionate release, defendants must show that they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582. The Fifth Circuit has clarified that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020). The defendant bears the burden of demonstrating exhaustion. *See, e.g., United States v. Rodriguez,* No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020); *United States v. Murray,* No. 19-041, 2020 WL 4000858, at *2 (E.D. La. July 15, 2020); *United States v. Castro*, No. 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020).

In addition, the Fifth Circuit has held that the exhaustion requirement is a "mandatory claim-processing rule." *Franco*, 973 F.3d at 468. Like other mandatory-claim processing rules, the Court must enforce the rule if a party properly raises the issue. *See id.*; *see also Pierre-Paul v. Barr*, 930 F.3d 684,

692 (5th Cir. 2019) ("A claim-processing rule is mandatory to the extent a court must enforce the rule if a party properly raises it."). The Government concedes exhaustion in this case.[14]

Allen represents that, on December 9, 2020, and on January 9, 2021, he submitted requests for compassionate release to Warden Ma'at at FCI Oakdale.[15] Additionally, the Government states that the BOP has confirmed that Allen exhausted his administrative remedies.[16] Because Allen presented his request for compassionate release to the BOP, and because the Government concedes exhaustion, the Court proceeds to the merits of Allen's motion.

### B.   Extraordinary and Compelling Reasons

Courts may grant compassionate release when "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  The relevant policy statement is set out in § 1B1.13 of the United States Sentencing Guidelines. The commentary to § 1B1.13 describes four "extraordinary and compelling reasons" that could warrant a reduced sentence: (1) medical conditions, (2)

---

[14]    R. Doc. 564 at 2.
[15]    R. Doc. 562 at 1.
[16]    R. Doc. 564 at 2.

4

age—starting at age 65, (3) family circumstances, and (4) "[o]ther [r]easons." U.S.S.G. § 1B1.13 cmt. n.1(A)-(D).  The commentary further specifies that, to be sufficiently serious to warrant release, a medical condition must be a "terminal illness," or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 cmt. n.1(A).

As the Fifth Circuit recognized in *United States v. Thompson*, "in some exceptional cases," courts "have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID."  984 F.3d 431, 434 (5th Cir. 2021).  But there is no "unanimous" agreement in the courts that "every high-risk inmate with preexisting conditions" has demonstrated an extraordinary and compelling reason.  *Id.*  The *Thompson* court affirmed a denial of compassionate release for a defendant who suffered from hypertension, high cholesterol, and had previously suffered a stroke.  *Id.* at 1.

Here, Allen does not claim that he suffers from a medical condition that increases his risk of severe illness from COVID-19.  Instead, the heart of Allen's claim is a generalized fear of COVID-19.  But generalized fear of the virus does not rise to an "extraordinary and compelling reason" justifying

release.  *See, e.g.*, *Thompson*, 984 F.3d at 435 ("Fear of COVID doesn't automatically entitled a prisoner to release."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Marco Perez-Serrano*, No. 13-2, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020) ("A generalized fear of contracting COVID-19 does not justify compassionate release."). Moreover, FCI Oakdale I reports zero positive COVID-19 cases among its inmate population.[17]  The Court finds that Allen has not shown that an extraordinary and compelling reason merits compassionate release.

### C. Section 3553(a) Factors

The Court also finds that the Section 3553(a) factors do not support a reduction in Allen's sentence.  When determining whether to modify a sentence under Section 3582(c)(1)(A), the Court must "consider[] the factors set forth in section 3553(a)." *See* 18 U.S.C. § 3582(c)(1)(A).  Here, both the "seriousness of the offense" and "the history and characteristics of the defendant" militate against early release.  18 U.S.C. § 3553(a). Allen was convicted of serious drug offenses involving large quantities of narcotics.[18]

---

[17]   Federal Bureau of Prisons, *COVID-19 Update*, https://www.bop.gov/coronavirus/ (last visited May 20, 2021).
[18]   *See* R. Doc. 224 at 1-2, R. Doc. 408 at 1.

6

Further, as reflected in Allen's presentence investigation report, Allen has a significant criminal history, with convictions for drug and gun offenses before he was charged in this matter.[19] The Court finds that the Section 3553(a) factors do not weigh in favor of compassionate release.

### D. Danger to the Community

When ruling on a motion for compassionate release, the Court must assess whether the defendant is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). In making this determination, the Court looks to 18 U.S.C. § 3142(g). *Id*. The factors set out in § 3142(g) are similar to § 3553(a), and include the "nature and circumstances of the offense" and the "the history and characteristics" of the defendant. *Id*. at § 3142(g)(1)-(4). As noted above, these factors weigh against compassionate release. The Court finds that the nature of Allen's drug offense, as well as Allen's criminal history, militate against release.

### III. CONCLUSION

The Court DENIES defendant's motion for compassionate release.

New Orleans, Louisiana, this 25th day of May, 2021.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[19] R. Doc. 395 at 16-18.