UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-138 |
| SONNY ALLEN | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court are defendant Sonny Allen's motions for an extension of time to file a reply brief,[1] appointment of counsel,[2] and compassionate release.[3] The Government opposes the motion for compassionate release.[4] For the following reasons, the Court denies Allen's motions.

## I. BACKGROUND

On November 6, 2014, Allen was convicted after a jury trial of one count conspiracy to distribute and to possess with the intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846, and four counts distribution of a quantity of cocaine base in violation of 21 U.S.C.

---

[1] R. Doc. 586.
[2] R. Doc. 587.
[3] R. Doc. 574.
[4] R. Doc. 585.

§§ 841(a)(1) and (b)(1)(C).[5]  Judge Stanwood Duval sentenced Allen to 240 months' imprisonment on the conspiracy count and 120 months' imprisonment on each of the distribution counts, all terms to run concurrently.[6]  The term of imprisonment imposed on the conspiracy count was the result of a mandatory minimum due to Allen's prior conviction for distribution of heroin under Louisiana law.[7]

Allen appealed his federal conviction, asserting that there was insufficient evidence to convict him of conspiracy to distribute and to possess with intent to distribute cocaine base.[8]  The Fifth Circuit affirmed Allen's conviction,[9] and the United States Supreme Court subsequently denied Allen's petition for a writ of certiorari.[10]  While Allen's appeal was pending, he filed a motion for a reduction in his sentence pursuant to section 404 of the First Step Act, which made certain provisions of the Fair Sentencing Act reducing penalties for crack cocaine offenses retroactive.[11]  The Court denied Allen's motion, holding that Allen's sentence was not eligible for a reduction

---

[5]     R. Doc. 408.
[6]     *Id.*
[7]     *See* R. Doc. 185.
[8]     R. Doc. 455-1.
[9]     *Id.*
[10]    R. Doc. 540.
[11]    R. Doc. 550.

2

under section 404 of the First Step Act.[12] Allen filed two motions for compassionate release based on the coronavirus pandemic, one in May 2020,[13] and one in January 2021.[14] The Court denied each motion.[15]

Allen now moves again for compassionate release.[16] He contends that his case presents "extraordinary and compelling reasons" for a sentencing reduction because there is a gross disparity between the sentence he is currently serving and the sentence that would likely be imposed if sentenced today.[17] The Government opposes the motion, arguing that Allen does not present extraordinary and compelling reasons, and that even if Allen is able to establish extraordinary and compelling circumstances, the sentencing factors in 18 U.S.C. § 3553(a) weigh against a sentence reduction.[18] Allen has filed a motion for appointment of counsel to assist him in presenting his motion for compassionate release.[19]

The Court considers the motions below.

---

[12]   R. Doc. 556.
[13]   R. Doc. 557.
[14]   R. Doc. 562.
[15]   R. Docs. 560 & 565.
[16]   R. Doc. 574.
[17]   *Id.*
[18]   R. Doc. 575.
[19]   R. Doc. 577.

## II. DISCUSSION

### A. Motion for Extension of Time to File Reply Brief

On January 10, 2024, the Court issued a briefing order requiring Allen to file a reply to any memoranda in opposition to the motion by January 29, 2024.[20] *See* L.R. 7.5. On February 2, 2024, the Court received a motion for an extension of time to file a reply brief from Allen that was mailed on January 31, 2024.[21] In the motion, Allen states in a conclusory manner that he needs more time to prepare a response, but he does not give reasons for his inability to comply with the Court's briefing order.[22] Further, Allen's motion for compassionate release adequately outlines his proposed basis for relief, and identifies the governing law sufficiently for the Court to rule on the motion. *See Scott v. Nail*, 589 F. App'x 297, 298 (5th Cir. 2015) (denying extension of time to file reply brief when reply brief "would not assist in the resolution" of the issues); *United States v. Tragas*, No. 09-20023-10, 2020 WL 5064383, at *7 (E.D. Mich. Aug. 27, 2020) (denying extension of time to file a reply and noting "[d]efendant's failure to prevail here is not for a lack of briefing").

---

[20]   R. Doc. 584.
[21]   R. Doc. 586.
[22]   *Id.*

4

The Court finds that Allen fails to articulate good cause for his delay. Thus, the motion for an extension of time to file a reply is denied.

## B. Appointment of Counsel

Allen seeks the appointment of counsel to assist him in presenting his motion for compassionate release.[23]  Generally, "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  In the context of 18 U.S.C. § 3582(c)(1)(A) motions, the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel. *See United States v. Diaz*, No. 22-40044, 2023 WL 1879404, at *3 (5th Cir. Feb. 10, 2023).

A Court may appoint counsel in a compassionate release proceeding if it finds that doing so would be "in the interest of justice." *Id.* at *3; *see also United States v. Delco*, No. 09-57, 2020 WL 4569670, at *2 (E.D. La. Aug. 7, 2020) (applying interests of justice standard in the context of motion for compassionate release).  The Fifth Circuit has stated that "the interest of justice [does] not require the appointment of counsel" when the motion does "not involve complicated or unresolved issues." *See United States v. Moore*,

---

[23]   R. Doc. 586.

400 F. App'x 851, 852 (5th Cir. 2010) (per curiam) (citing *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008)).

Because Allen's motion for compassionate release does not involve complicated issues, the Court finds that the appointment of counsel would not serve the interests of justice. *See United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("[A] claim for compassionate release is not particularly complex factually or legally."). While Allen's motion involves the application of a relatively new policy statement issued by the Sentencing Commission, and the Government has challenged its validity, the Court finds that Allen is capable of representing himself *pro se*, as his briefing adequately identified relevant law and applied the law to the facts of his case. *See United States v. Chambers*, No. 18-47, 2021 WL 4311032, at *3 (E.D. La. Sept. 22, 2021) ("The interests of justice do not require that the Court appoint counsel for [defendant] as he has proven himself fully capable of representing himself pro se."). The Court therefore denies Allen's request for appointment of counsel.

C. **Compassionate Release**

As a threshold matter, the Court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court finds that Allen has not satisfied the exhaustion requirement for compassionate release. Allen provides no evidence to show that he has exhausted his administrative remedies. The Government indicates that it contacted the Bureau of Prisons ("BOP"), which provided the Government with a copy of a request Allen made to the Warden at his correctional institution that the Government has attached to its opposition. Allen's request to the Warden only states in conclusory terms that he seeks compassionate release, and does not identify any law or facts underpinning Allen's belief that he deserves compassionate release. *See United States v. Keller*, 2 F.4th 1278, 1283 (9th Cir. 2021) (the request submitted to the BOP should "allow the executive branch to carefully evaluate a claim in the first instance and possibly obviate the need for litigation before it begins"); *United States v. Wilson*, No. 14-209-1, 2020 WL 1975082, at *4 (E.D. Pa. Apr. 24, 2020) ("[T]he Bureau of Prisons must be fairly put on notice of the grounds for compassionate release."). BOP regulations require the defendant to identify, "at a minimum," the "extraordinary or compelling circumstances that the inmate believes warrant

7

consideration" when filing a request to initiate a compassionate release motion. 28 C.F.R. § 571.61(a). A prisoner who has not complied with this requirement has not submitted any "proper request" to the BOP. *See United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021). Accordingly, Allen has not met his burden of demonstrating that he has exhausted his administrative remedies. *United States v. Dinet*, No. 18-157, 2020 WL 4544482, at *2 (E.D. La. Aug. 6, 2020) (holding that defendant's motion for compassionate relief was not "properly before th[e] Court" because, although defendant claimed that he exhausted his administrative remedies, he failed to present any evidence that a request was made to the warden of his facility). Based on Allen's failure to exhaust his claims alone, the Court is required to deny the motion for compassionate release. *See United States v. Franco*, 937 F.3d 465, 467 (5th Cir. 2020) (holding that exhaustion is non-jurisdictional, but mandatory).

Even if Allen had exhausted his administrative remedies, compassionate release would not be warranted because Allen has failed to demonstrate extraordinary and compelling reasons. Upon a prisoner's motion, a court may grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction," after considering the sentencing factors set out in 18 U.S.C. § 3553(a). 18 U.S.C.

§ 3582(c)(1)(A)(i).  Regardless whether a defendant has demonstrated "extraordinary and compelling reasons," the Court must consider the § 3553(a) factors, and may decline to reduce the defendant's sentence if the factors weigh against granting relief.  *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020) (noting that "compassionate release is discretionary, not mandatory, and [can] be refused after weighing the sentencing factors" even when a defendant is eligible); *see also United States v. Garcia-Hernandez*, No. 20-1687, 2021 WL 4146344, at *4 (S.D. Tex. Sept. 13, 2021) ("Even if the Court found extraordinary and compelling reasons to grant compassionate release, the Court would deny relief because of the . . . sentencing factors.").

Allen contends that his case presents "extraordinary and compelling reasons" because he would be subject to a mandatory minimum of fifteen years if sentenced today rather than twenty years mandatory minimum he received, and he has made rehabilitative efforts while incarcerated.  While Allen does not identify any specific provision of the Sentencing Commission's policy statement defining "extraordinary and compelling reasons" that he believes he qualifies for, the only such provision that explicitly enables the Court to consider nonretroactive changes in the law is U.S.S.G. § 1B1.13(b)(6).  Under that section, Allen must meet three

9

requirements before the Court "may" consider "a change in the law" as an extraordinary and compelling reason: (1) he must have received an "unusually long sentence," (2) he must have served ten years of that sentence, and (3) there must be a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). The Government challenges Allen's argument that he can show extraordinary and compelling reasons by contending that U.S.S.G. § 1B1.13(b)(6) is an impermissible interpretation of the phrase "extraordinary and compelling reasons."[24] It reasons that this interpretation is beyond the authority of the Sentencing Commission because it (1) is foreclosed by the Fifth Circuit's holding in *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023), that "a defendant may not leverage non-retroactive changes in criminal law to support a compassionate release motion"; and (2) conflicts with the language of the governing statute, 18 U.S.C. § 3582(c)(1)(A).[25]

Regardless of whether U.S.S.G. § 1B1.13(b)(6) is a proper exercise of the Sentencing Commission's authority, Allen does not meet the criteria for "extraordinary and compelling reasons" under the policy statement. Allen

---

[24]  R. Doc. 585 at 8 n.1.
[25]  R. Doc. 575 at 12-18.

10

has not demonstrated that his sentence was "unusually long," that there would be a "gross disparity" between the sentence he is serving and the sentence that would be imposed if he were sentenced today, or that his rehabilitative efforts constitute individualized circumstances that justify consideration of nonretroactive changes in the law.

Allen was sentenced to the mandatory minimum of twenty years' imprisonment in 2015 due to his prior conviction for distribution of heroin in state court.[26] Allen served more than twelve months of imprisonment for his prior conviction for possession with intent to distribute.[27] Allen's prior conviction qualifies as a "serious drug felony" under current law. *See United States v. Barlow*, 17 F.4th 599, 603 (5th Cir. 2021) (holding that Louisiana conviction for possession with intent to distribute was "serious drug felony" under the Controlled Substances Act); 21 U.S.C. § 841(b)(1)(A) ("If any person commits [a] violation [involving 280 grams or more of cocaine base] after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years."); 21 U.S.C. § 802(57) (defining the term "serious drug felony" to include an offense under State law involving, *inter alia*, possessing

---

[26] R. Doc. 185.
[27] R. Doc. ¶ 84.

with intent to distribute a controlled substance, for which the defendant served more than twelve months). Accordingly, today, Allen would face a mandatory minimum of fifteen years under 21 U.S.C. § 841(b)(1)(A) as a result of his prior conviction. 21 U.S.C. § 841. Allen does not point to any evidence indicating that his original mandatory minimum sentence of twenty years is an "unusually long" sentence for a repeat felony drug offender. Further, the five-year difference between the sentence Allen is currently serving and the one that would likely be imposed if he were sentenced on the date of his motion does not constitute a gross disparity. *See United States v. McLean*, 2022 WL 2306765, at *8 (E.D. Tex. June 27, 2022) ("A difference of fifteen years gives the Court pause[, but] the Court does not find such a disparity in sentencings rises to the level of 'extraordinary and compelling reasons' that would warrant release."); *cf. United States v. McCoy*, 981 F.3d 271, 285-86 (4th Cir. 2020) (affirming district court decisions finding "gross disparity" when differences between sentences served and sentences that would likely have been imposed at the time of defendants' motions were decades); *United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021) (finding "extraordinary and compelling reasons" when mandatory minimum applicable to defendant was reduced from life to twenty-five years). The Court finds that the change in the law reducing the mandatory minimum

term of imprisonment to which Allen would be subject if sentenced today is not an extraordinary and compelling reason for compassionate release.

Finally, Allen states that he has earned his GED while in custody, enrolled in various education and training programs, and has not had an incident report in the last six months.[28] While Allen's rehabilitative efforts are commendable, they are not "extraordinary and compelling," and they do not render the five-year disparity between Allen's current sentence and the sentence that would likely be imposed on the date of his motion "extraordinary and compelling." *See United States v. Soto*, No. 11-CR-220, 2021 WL 3682196, at *7 (E.D. Tex. Aug. 18, 2021) ("Although he provides the court with a list of commendable achievements and goals, [including earning his GED, refraining from disciplinary infractions, and completing courses and programs, defendant] has not presented sufficient grounds for compassionate release."); *United States v. Lewis*, No. 17-28, 2021 WL 4519795, at *1-3 (W.D.N.Y. Oct. 4, 2021) (finding that defendant's rehabilitation and "his plan of action upon release" do not amount to "extraordinary and compelling" reasons for release); *see also United States v. Hudec*, No. 4-91, 2020 WL 4925675, at *5 (E.D. Tex. Aug. 19, 2020) ("While the Court is permitted to consider post-sentencing rehabilitation in

---

[28] R. Doc. 574 at 6-7.

13

determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone.").

Accordingly, the Court finds that Allen has not demonstrated "extraordinary and compelling" reasons justifying compassionate release. Because the Court has found that Allen has not exhausted his administrative remedies and has not demonstrated "extraordinary and compelling reasons," his motion must be denied, and the Court will not consider whether the sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of compassionate release.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motions for an extension of time to file a reply brief,[29] appointment of counsel,[30] and compassionate release.[31]

New Orleans, Louisiana, this __30th__ day of May, 2024.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[29]    R. Doc. 586.
[30]    R. Doc. 587.
[31]    R. Doc. 574.